UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:   Waurica Lashaun Vinson                                      Chapter 13
                                                                     Case No. ___
Debtor.

## Chapter 13 Plan

Address:       Debtor   3431 Campground Road, Munford, TN 38058

Plan Payment:

Debtor Shall Pay:   $110.00 Semi- Monthly   By:   ( ) Direct Pay _____
    Or by:  (X) Payroll Deduction   Bright Glade, 5070 Sanderlin Ave., Memphis, TN 38117

1. This Plan [Rule 3015.1 Notice]:

   (A) Contains a Non-standard Provision [See provision 19].                     (X) Yes   ( ) No

   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  (X) Yes   ( ) No
       [See provisions 7 and 8].

   (C) Avoids a Security Interest or Lien. [See provision 12].                   ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.

3. Auto Insurance:   ( ) Included in Plan   Or (X) Not Included in Plan if proof provided by Debtor

4. Domestic Support Paid By:  ( ) Debtor Directly  ( ) Wage Assignment   ( ) Trustee To:         Monthly Pmt.
   _____  ongoing payment begins  _____   _____
                                Approximate arrearage   _____   _____
   _____  ongoing payment begins  _____   _____
                                Approximate arrearage   _____

5. Priority Claims:                                                                              Monthly Pmt.
      IRS                                            Amount         $468.00                          $8.00
   _____      Amount      _____                    _____

6. Home Mortgage Claims:   ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:                Monthly Pmt.
   _____  ongoing payment begins  _____               _____
                                Approximate arrearage   _____   Interest   _____        _____
   _____  ongoing payment begins  _____               _____
                                Approximate arrearage   _____   Interest   _____        _____

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:   Collateral Value      Interest Rate    Monthly Pmnt.
   _____          _____      _____    _____
   _____          _____      _____    _____

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Cash Dash (1998 Ford Explorer) | $ 900.00 | 0.00% | $20.00 |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

   _____ Collateral _____
   _____ Collateral _____

10. Special Class Unsecured Claims:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Rent-A-Center (lease thru September 2019) | $ 139.00 | 0.00% | $10.00 |

11. Student Loan Claims and Other Long Term Claims:

    _____    ( ) Not Provided For    ( ) General Unsecured Creditor
    _____    ( ) Not Provided For    ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

    _____

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:    ( ) _____;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:
    Rent-A-Center _____ (X) Assume    ( ) Reject
    _____ ( ) Assume    ( ) Reject

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:
    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Jimmy E. McElroy  TN Bar #011908        Date    September 27, 2019
    Debtor's Attorney's Signature

                                                                    September 27, 2019

                                                                    910 > March 31, 2017